UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 20-107 |
| HAROLD FOSTER<br>MARC DALTON | SECTION: "A"(2) |

### Order and Reasons

Before the Court is the **Defendant Harold Foster's Motion for Leave to Interview Jurors (Rec. Doc. 161)** filed on November 14, 2022, shortly after the Defendant was convicted by a jury of his peers of multiple counts of carjacking (18 U.S.C. § 2119) and the use of a firearm during a crime of violence (18 U.S.C. § 924). Also before the court is the **Defendant Harold Foster's Motion for a New Trial (Rec. Doc. 166)** filed on November 28, 2022, regarding Mr. Foster's allegation that in his trial a miscarriage of justice occurred when the Government failed to produce evidence of one or more of the elements of the crime of carjacking and he should therefore be entitled to a new trial. For the reasons that follow, all motions are **DENIED**.

*Interviewing Jurors*

Defendant Harold Foster moves this Court for leave to interview the jurors that recently convicted him at trial. In doing so, Mr. Foster argues that Local Criminal Rule 23.2 and Federal Rule of Evidence 608(b) support a finding that he may interview jurors post-verdict. The Defendant misuses the application of these rules and there is no evidence that the Defendant's request for leave to interview the jurors should be granted.

1

It is well-established federal law that post-trial interviews of jurors are highly disfavored, with the exception of a showing of illegal or some prejudicial intrusion into the jury process.  *United States v. Davila*, 704 F.2d 749, 754 (5th Cir. 1983); *Unites States v. Riley*, 544 F.2d 237, 242 (5th Cir. 1976).  Without a showing that the jury employed some sort of racial or illegal animus the Fifth Circuit Court of Appeals has been particularly protective of intrusions into the privacy of jurors.  Here, there is no evidence that Mr. Foster's jurors relied on an improper animus to vote to convict him.  Mr. Foster's reliance onthe Local Criminal Rule 23.2 and Federal Rule of Evidence 608(b) is misguided.  Neither rule compels the Court to allow a party to interview the jurors, especially when there is no evidence that the jurors relied on an illegal or improper purpose.  The Defendant's Motion for Leave to Interview Jurors is DENIED.

### *New Trial*

The Defendant also moves for a new trial on the grounds that a miscarriage of justice occurred when the Government failed to produce an element of the crime of carjacking, intent to cause serious bodily injury. Mr. Foster alleges that he was convicted without proof beyond a reasonable doubt of all the elements of carjacking and he should be granted a new trial as relief.

Rule 33(a) of the Federal Rules for Criminal Procedure allows a district court to grant a new trial "if the interest of justice so requires."  However, that power should be used cautiously and only in exceptional cases as the Court in doing so sits as the de facto thirteenth juror.  *United States v. Robertson*, 110 F.3d 1113, 1120 n.11 (5th Cir. 1997).

In this case, the Government presented more than enough evidence of each and

every element of the crimes for which the Defendant was convicted.  The Defendant argues that the Government failed to present evidence of the nexus between the taking of the car and the intent to cause serious bodily harm.  However, in doing so, the Defendant conflates the difference between direct and circumstantial evidence and misapplies the federal carjacking statute.  At the trial, numerous witnesses testified that at the time of the taking of the vehicles, the Defendants either threatened the use of deadly force directly or conditionally.  At the trial the Government admitted a surveillance video of the April 10, 2020 carjacking of the deceased Mr. Eddie Profit.  In that video, the Defendant and his Co-Defendant were shown flashing what was thought to be a weapon at Mr. Profit at the time of the taking of the vehicle.  Furthermore, the Defendant did not merely take the vehicle in these carjackings; he also forced the victims inside of the vehicle and threatened to kill them unless they complied with their orders, as the Court heard during the testimony of the April 12, 2020 carjacking victims.  The presence of a firearm during a robbery, kidnapping the victims, the Defendant's own words, and the surveillance footage were more than enough evidence proving the intent the Defendant had during the commission of these crimes for a reasonable juror to find him guilty beyond a reasonable doubt.  The contention that because the Defendant later let the victims go after kidnapping them and detaining them in the vehicle for a period of time is immaterial to the intent analysis.  It is for these reasons that the Defendant's Motion for New Trial is DENIED.

**ACCORDINGLY**;

**IT IS ORDERED** that **Defendant Harold Foster's Motion for Leave to Interview Jurors (Rec. Doc. 161)** is **DENIED**.

**IT IS FURTHER ORDERED** that **Defendant Harold Foster's Motion for a New Trial (Rec. Doc. 166)** is **DENIED**.

New Orleans, Louisiana, April 20, 2023

_____
Judge Jay C. Zainey
United States District Judge